JONES, ordinary, *vs.* COLLIER *et al.*

While sitting at chambers for county purposes, an ordinary rendered a judgment finding that the county treasurer had abandoned his office and removed from the county. He therefore declared the office vacant, and appointed a person to temporarily fill the vacancy. On the next day he rendered a judgment which recited that persons appointed to examine into the accounts and vouchers of the said treasurer, under §3921 of the Code, found and reported a deficit of $3,669.15, which he failed to pay over on demand; that properly authenticated orders had been presented to him and payment refused; and therefore judgment was rendered against him and the sureties on his official bond:

*Held,* that the ordinary had legal power to render such a judgment, and the *fi. fa.* issued thereon should not be quashed on demurrer.

Ordinaries. County matters. Officers. Judgment. Jurisdiction. Before Judge CRISP. Early Superior Court. October Adjourned Term, 1879.

Reported in the decision.

E. C. BOWER, for plaintiff in error,

R. H. POWELL, for defendants.

CRAWFORD, Justice.

The plaintiff in error, as the ordinary of Early county, issued a *fi. fa.* against the defendants in error as the sureties of T. J. Cartledge on his bond as the county treasurer. The defendants in *fi. fa.* filed their affidavits of illegality thereto, and when the same came on to be heard, they then submitted a general demurrer to the *fi. fa.* and moved to quash the same, which demurrer was sustained, the *fi. fa.* quashed, and this is the ground of the plaintiff's exception.

On the argument of the demurrer and the motion to quash, the order vacating the office of the county treasurer, and the judgment of the ordinary which preceded the issuance of the *fi. fa.*, were read and considered by the court in connection therewith. The only question made

by this record is, did the ordinary have the legal right to issue this *fi. fa.*? This depends upon the facts and the law applicable to the exercise of the power. It appears from the record, that on January 17th, 1876, the ordinary, " at chambers," declared the office of county treasurer vacant, because Cartledge had ceased to perform its duties, had abandoned the office and removed from the county; that, therefore, his vacancy had been filled until a successor could be elected and qualified. On the eighteenth, the following day, " at chambers," the ordinary takes further action in the premises and declares, that it having been made to appear, to him by a report of persons appointed under §3921 of the Code to inspect and examine into the accounts and vouchers of the said treasurer, that there was a deficit of $3,669.15, and that he had failed to pay the same on its being demanded ; and it being further made to appear, that properly authenticated orders had been presented to said treasurer, which he refused and failed to pay ; and having filed his official bond with S. J. Collier *et al.* as his securities, it was therefore ordered and adjudged that judgment be rendered against him and his securities for the sum aforesaid, and that execution do issue accordingly." These proceedings which are set forth in full in the record, are from the minutes of the ordinary when sitting for county purposes.

Under the facts stated, was the ordinary clothed with power to issue the *fi. fa.* against the defendants? By §135 of the Code all offices in this state are vacated, among other things, by abandoning the office, and ceasing to perform its duties ; or by the incumbent's ceasing to be a resident of the state or county for which he was chosen. By §337 the ordinary, when sitting for county purposes, has original and exclusive jurisdiction in filling all vacancies in county offices by appointment.

Section 563 provides that when the county treasurer fails to pay any order which is entitled to payment, or other legal demand upon him, or to pay any balance in his hands to his

successor, the ordinary may issue execution against him and his securities for the amount due, as against a defaulting tax collector. And it is provided in §524, that on such failure by a tax collector, as well as all persons having in their hands any county money, the said ordinary shall issue executions against such persons and their securities for the full amount appearing to be due, as the comptroller-general issues executions against defaulting tax collectors. The comptroller-general is empowered under §909 to issue *instanter* executions against any collector failing to settle with him under the law.

Applying the law to the facts in this case, the ordinary finding that the county treasurer had absconded, thereby abandoning his office and ceasing to perform its duties, declared the same vacant, and appointed a successor. He further found, under inquiry made as provided by law in §3921 of the Code, that the said county treasurer had in his hands county money to the amount of $3,669.15, and that he failed to pay the same on its being demanded; and that properly authenticated orders had also been presented to him which he had failed to pay; he therefore issued an execution against him and his securities as he was authorized under the law to do, for the said sum of $3,669.15 so due the county, and this was done as it would have been in cases of defaulting tax collectors.

We think that the *fi. fa.* would have been more technically correct, if it had set forth in terms that the sum of $3,669.15 was the balance in his hands due and payable to his successor, and which he had refused to pay, and therefore the *fi. fa.* issued. Still we hold that it is substantially set forth, that it is legally correct and the judge erred in his judgment quashing the same. The demurrer to the *fi. fa.*, and the order and judgment from the minutes of the court of ordinary, sitting for county purposes, which were before the judge below, are all the matters considered and disposed of by this court in this judgment.

Judgment reversed.